1  **LINCOLN, GUSTAFSON & CERCOS, LLP**
2  *ATTORNEYS AT LAW*
   **550 West "C" Street, Suite 1400**
   **San Diego, California 92101**
3  (619) 233-1150/Fax: (619) 233-6949

4  THOMAS J. LINCOLN, Esq. SBN 095131
   tlincoln@lgclawoffice.com
5  JILL S. CHILCOAT, Esq. SBN 220070
   jchilcoat@lgclawoffice.com
6  DANICA J. BRUSTKERN, Esq. SBN 305100
   dbrustkern@lgclawoffice.com
7
   Attorneys for Plaintiff, ISMAEL ROMO, JR.
8

9

10          **UNITED STATES DISTRICT COURT**

11          **SOUTHERN DISTRICT OF CALIFORNIA**

12

13  ISMAEL ROMO, JR.;

14          Plaintiff,

15
         vs.
16

17  COSTCO WHOLESALE
    CORPORATION, a Washington
18  Corporation; and DOES 1 through 25,
    inclusive;
19          Defendants.
20

21

22

23

24

25

26

27

28

**Case No.:** <u>'19CV1120 JAH  MSB</u>

*Assigned For All Purposes:*
*The Honorable:*
*Dept.:*

**ISMAEL ROMO, JR.'S COMPLAINT FOR DAMAGES FOR:**

   1) **DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA [42 U.S.C. § 12111 et seq.];**

   2) **DISABILITY DISCRIMINATION - FAILURE TO REASONABLY ACCOMMODATE [42 U.S.C § 12111 et seq.];**

   3) **DISABILITY DISCRIMINATION - FAILURE TO ENGAGE IN INTERACTIVE PROCESS [42 U.S.C § 12111 et seq.)**

   4) **DISABILITY DISCRIMINATION IN VIOLATION OF FEHA [Cal. Gov. Code § 12940 et seq.];**

   5) **DISABILITY DISCRIMINATION - FAILURE TO REASONABLY ACCOMMODATE [Cal. Gov. Code § 12940 et seq.];**

| | |
|---|---|
| | ) **6) DISABILITY DISCRIMINATION - FAILURE TO ENGAGE IN INTERACTIVE PROCESS [Cal. Gov. Code § 12940 et seq.];**<br>) **7) VIOLATION OF CAL. LAB. CODE §§ 1198.5(l), (k)**<br>) **8) DISABILITY DISCRIMINATION IN VIOLATION OF PUBLIC POLICY**<br>) **9) WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**<br>) **10)    RETALIATION IN VIOLATION OF FEHA [CAL. GOV. CODE § 12940 ET SEQ.] (By Plaintiff against all Defendants)**<br>) **11)    RETALIATION IN VIOLATION OF THE ADA [42 U.S.C. § 12111 ET SEQ.] (By Plaintiff against all Defendants)**<br>) **12)    INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (By Plaintiff against all Defendants)** |

**[DEMAND FOR JURY TRIAL]**

*Complaint Filed: June 14, 2019*
*Trial Date: Not Set*

COMES NOW, Plaintiff ISMAEL ROMO, JR. ("Plaintiff") and for causes of action against Defendant, COSTCO WHOLESALE CORPORATION ("Costco"), and alleges as follows:

## I.    NATURE OF THE ACTION

1.    This is an action for employment discrimination and wrongful termination against Defendant, who discriminated against Plaintiff, who has a disability, by failing to engage in the interactive process, failing to reasonably accommodate Plaintiff despite

1    knowing of Plaintiff's disability and need for accommodation, and for terminating him
2    on the basis of his disability.

3              II.    **JURISDICTION AND VENUE**

4          2.    This Court has subject matter jurisdiction over this dispute under *28 U.S.C*
5    *§1332* because this dispute is a civil action between an individual and a corporation who
6    are citizens of different states in which the value of the amount in controversy exceeds
7    seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

8          3.    Plaintiff is informed and believes and thereon alleges that this Court also
9    has original jurisdiction over causes of action asserted herein under the laws of the
10   United States pursuant to 28 U.S.C §1331 because those causes of action pose federal
11   questions.

12         4.    Plaintiff is informed and believes and thereon alleges that this Court has
13   supplemental jurisdiction over the causes of action asserted herein under the laws of the
14   State of California pursuant to *28 U.S.C §1367* because those causes of action are so
15   related to claims in this action within the Court's original jurisdiction that they form
16   part of the same case or controversy under Article III of the United States Constitution.

17         5.    Plaintiff is informed and believes and thereon alleges that this Court has
18   personal jurisdiction over Defendant Costco because Costco is a corporate entity
19   conducting substantial and continuous commercial activities in California. This case
20   arises from Defendant's wrongful conduct in California, where Defendant employed
21   Plaintiff.

22         6.    Plaintiff is informed and believes and thereon alleges that venue in this
23   judicial district is proper under *28 U.S.C. §1391(b)* because (1) Defendant resides in the
24   state of California, as defined in subpart *(c)(2)*, and (2) a substantial part of the events
25   that serve as the basis of this Complaint occurred in this judicial district, including, but
26   not limited to, the use of unfair and/or unlawful business practices by Defendants that
27   caused damage to Plaintiff; and/or (3) Defendant is subject to personal jurisdiction in
28   this Court.

**COMPLAINT OF ISMAEL ROMO JR.**

### III.   PARTIES

7.     At all times mentioned herein, Plaintiff was and is a natural person and a citizen of the United States, domiciled in San Diego County, California. In April 2010 in San Diego, California, Defendant hired Plaintiff to work in Defendant's Optical Lab as a maintenance assistant, service assistant, and eventually as a production assistant. Plaintiff worked for Defendant for seven (7) years before Defendant terminated Plaintiff's employment on October 4, 2017. Plaintiff was, at all times material hereto, an employee of Defendant, covered by the provisions and protections of the Americans with Disabilities Act (42 U.S.C. § 12111, et seq.) ("ADA") and the California Fair Employment and Housing Act Government Code §§ 12940, et seq. ("FEHA").

8.     At all times herein mentioned, Plaintiff is informed and believes and thereon alleges that Defendant is a business entity duly organized and existing under the laws of the State of Washington and doing business in the State of California, with a principal place of business in Issaquah, Washington. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, FEHA and the ADA were in full force and effect and were binding on Defendant.

9.     The true names and capacities of the DOE Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

10.     Plaintiff is informed and believes and thereon alleges that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and/or scope of said agency and/or employment with the full knowledge and consent of each of the Defendants. Each of the acts and/or omissions complained of herein were alleged and made known to, and ratified by, each of the other Defendants. Defendant Costco and DOE Defendants are

hereafter collectively referred to as "Defendants."

## IV.    FACTUAL ALLEGATIONS

11.    Plaintiff suffers from diabetic neuropathy, which is an extremely painful neurological condition affecting the nerves in Plaintiff's arms and legs. Occasionally during his employment with Defendants, Plaintiff's medical condition made it excruciatingly painful to walk, get out of bed, or engage in other major life activities.

12.    Plaintiff discussed his medical condition with his supervisors, co-workers, and other personnel employed by Defendants. Despite his medical condition, Plaintiff was able to perform the essential functions of his job.

13.    On multiple occasions, Plaintiff's doctor placed him on temporary light duty at work due to his medical condition. Plaintiff notified Defendants of his doctor's orders by providing Defendants with notes from his doctor.

14.    On or around January 14, 2016, Plaintiff provided documentation from his doctor to Defendants that stated Plaintiff would need two to three days off work per month due to his medical condition. Defendants limited Plaintiff to two absences per month, despite the fact that Plaintiff's doctor indicated Plaintiff might need more than two absences per month and despite the fact that allowing Plaintiff the recommended three absences per month would not cause Defendants an undue hardship.

15.    Plaintiff missed work on occasion due to the extreme pain and discomfort caused by his medical condition.

16.    On September 20, 2017, Plaintiff submitted a doctor's note to Defendants to inform them that he would need to be placed on permanent light duty at work due to his medical condition/physical disability.

17.    Plaintiff is informed and believes and thereon alleges that during Plaintiff's employment, Defendants failed to engage in an interactive process to determine whether Plaintiff's work restrictions and limitations could be reasonably accommodated and failed to reasonably accommodate Plaintiff's work restrictions and limitations in a meaningful way.

**COMPLAINT OF ISMAEL ROMO JR.**

18.    Plaintiff is informed and believes and thereon alleges that on October 4, 2017, Defendants terminated Plaintiff's employment because of Plaintiff's disability and request for reasonable accommodation, among other things.

19.    On July 27, 2018, Plaintiff presented a claim to the Equal Employment Opportunity Commission ("EEOC") and, concurrently, with the California Department of Fair Employment and Housing ("FEHA") per the EEOC's work-sharing arrangement with FEHA. A true and correct copy of Plaintiff's claim is attached hereto as **Exhibit "A"**.

20.    On or about March 18, 2019, Plaintiff received a Right to Sue Notice from the EEOC, a true and correct copy of which is attached hereto as **Exhibit "B"**.

21.    On or about May 14, 2019, Plaintiff received a Right to Sue Notice from the DFEH, a true and correct copy of which is attached hereto as **Exhibit "C"**.

22.    Since Plaintiff's termination, the stress of losing his job and benefits, particularly his health insurance, has caused his medical condition to worsen, including, but not limited to, the development of carpal tunnel syndrome and other medical conditions.

23.    Plaintiff has suffered general and special damages in an amount exceeding the jurisdictional minimum of this Court because of Defendants' unlawful conduct as set forth herein.

24.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer a loss of income and future income loss, medical expenses in an amount not yet determined, pain and suffering, humiliation, embarrassment, mental anguish and severe emotional and physical distress, all causing him damages in an amount to be determined at trial and according to proof.

25.    Due to Defendants' unlawful conduct, Plaintiff was required to hire counsel to enforce his rights. Therefore, Plaintiff is entitled to statutory attorney fees.

/ / /

/ / /

**COMPLAINT OF ISMAEL ROMO JR.**

## V.    FIRST CAUSE OF ACTION - DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA [42 U.S.C. § 12111 et seq.]
### (By Plaintiff against all Defendants)

26.    Plaintiff re-alleges and incorporates by reference the allegations in Paragraphs 1 through 25 as set forth above.

27.    Plaintiff is informed and believes and thereon alleges that the ADA prohibits employers from discriminating against qualified individuals because of a disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." (42 U.S.C. § 12112.) Under the ADA, a disability is a "physical . . . impairment that substantially limits one or more major life activities." (42 USC §12102(1)(A), (2)(A).) Physical impairments include neurological conditions like Plaintiff's condition, which also affects other body systems. (29 CFR §1630.2(h).)

28.    Plaintiff is informed and believes and thereon alleges that Defendants discriminated against Plaintiff by, after being notified of Plaintiff's disability, refusing to comply with Plaintiff's doctors orders, forcing Plaintiff to incur unexcused absences from work, and eventually terminating Plaintiff's employment after Plaintiff informed Defendants that he would need to be placed on permanent light duty, per his doctor's orders, due to his disability. Plaintiff is informed and believes and thereon alleges that Defendants knew of Plaintiff's disability and terminated him on the basis thereof.

29.    As a result of this discrimination, Plaintiff has been harmed in several ways. His disability was exacerbated by the stress of losing his job and he has been unable to find new employment despite continued, good faith efforts, thereby losing wages and benefits.

30.    Plaintiff seeks all relief available under the ADA, including back pay, front pay, general damages, attorney's fees, costs and legal expenses for these aforementioned violations.

/ / /

**COMPLAINT OF ISMAEL ROMO JR.**

**VI.    SECOND CAUSE OF ACTION- FAILURE TO REASONABLY ACCOMMODATE [42 U.S.C § 12111 et seq.]**

**(By Plaintiff against all Defendants)**

31.    Plaintiff re-alleges and incorporates by reference the allegations in Paragraphs 1 through 30 as set forth above.

32.    Plaintiff is informed and believes and thereon alleges that the ADA forbids discrimination in employment on the basis of disability and specifically requires employers to reasonably accommodate their employees' disabilities. 42 U.S.C. §§ 12112(a), 12112(b)(5).

33.    Plaintiff is informed and believes and thereon alleges that he was discriminated against in violation of the ADA in that Defendants refused to comply with Plaintiff's January 14, 2016 doctor's order by not giving Plaintiff up to three days off per month, and terminated Plaintiff because he needed to be placed on permanent light duty at work instead of attempting to determine a way to reasonably accommodate him, even though it could have done so without undue hardship.

34.    Plaintiff was damaged as set forth above.

**VII.    THIRD CAUSE OF ACTION - FAILURE TO ENGAGE IN INTERACTIVE PROCESS [42 U.S.C § 12111 et seq.)**

**(By Plaintiff against all Defendants)**

35.    Plaintiff re-alleges and incorporates by reference the allegations in Paragraphs 1 through 34 as set forth above.

36.    Plaintiff is informed and believes and thereon alleges that the ADA requires employers to engage in the interactive process in order to determine what reasonable accommodations could be made under the ADA. (42 U.S.C. §§ 12112(a), 12112(b)(5).)

37.    Plaintiff informed Defendant of his need for an accommodation due to his disability on multiple occasions, including by way of doctor's notes.

38.    Plaintiff is informed and believes and thereon alleges that under the ADA,

it is mandatory for Defendant as an employer to participate in the interactive process once it learned that Plaintiff requested an accommodation. Specifically, Plaintiff is informed and believes and thereon alleges that Defendants were required to (1) analyze the particular job involved and determine its purpose and essential functions; (2) consult with the individual with a disability to ascertain the precise job-related limitations imposed by the individual's disability and how those limitations could be overcome with a reasonable accommodation; (3) in consultation with the individual to be accommodated, identify potential accommodations and assess the effectiveness each would have in enabling the individual to perform the essential functions of the position and; (4) consider the preference of the individual to be accommodated and select and implement the accommodation that is most appropriate for both the employee and the employer. (29 C.F.R. Pt. 1630, App.)

39.    Plaintiff is informed and believes and thereon alleges that Defendants did not perform these steps, either in whole or in part, with regard to Plaintiff. As such, Defendants failed to perform its duties to participate in the interactive process under the ADA.

40.    Plaintiff was damaged as set forth above.

## VIII.  FOURTH CAUSE OF ACTION – DISABILITY DISCRIMINATION IN VIOLATION OF FEHA [CAL. GOV. CODE § 12940 ET SEQ.]
### (By Plaintiff against all Defendants)

41.    Plaintiff re-alleges and incorporates by reference the allegations in Paragraphs 1 through 40 as set forth above.

42.    Plaintiff is informed and believes and thereon alleges that FEHA provides that it is unlawful for an employer, because of an employee's disability or medical condition, "to bar or to discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment." (Cal. Gov. Code § 12940(a).) A physical disability is defined as a chronic condition "such as . . . diabetes" that limits "a

1    major life activity," such as working (Cal. Gov. Code § 12926.1(c).)

2    43.    Plaintiff is informed and believes and thereon alleges that Defendants
3    discriminated against Plaintiff by, after being notified of Plaintiff's disability, refusing
4    to comply with Plaintiff's doctors' orders, forcing Plaintiff to incur unexcused absences
5    from work, and eventually terminating Plaintiff's employment after Plaintiff informed
6    Defendants that he would need to be placed on permanent light duty, per his doctor's
7    orders, due to his disability. Plaintiff is informed and believes and thereon alleges that
8    that Defendants knew of Plaintiff's disability and terminated him on the basis thereof.

9    44.    As a result of this discrimination, Plaintiff has been harmed as set forth
10    above.

11    45.    Plaintiff seeks all relief available under FEHA, including back pay, front
12    pay, general damages, attorney's fees, costs and legal expenses for these
13    aforementioned violations.

14    ## IX.    FIFTH CAUSE OF ACTION – FAILURE TO REASONABLY
15    ## ACCOMMDATE [CAL. GOV. CODE § 12940 ET SEQ.]
16    ### (By Plaintiff against all Defendants)

17    46.    Plaintiff re-alleges and incorporates by reference the allegations in
18    Paragraphs 1 through 45 as set forth above.

19    47.    Plaintiff is informed and believes and thereon alleges that FEHA requires
20    an employer to provide reasonable accommodations to an employee with a known
21    disability, per Government Code § 12940(m).

22    48.    Plaintiff is informed and believes and thereon alleges that Defendants
23    failed to provide reasonable accommodation as required by FEHA by, after being
24    notified of Plaintiff's disability, refusing to comply with Plaintiff's doctors orders,
25    forcing Plaintiff to incur unexcused absences from work, and eventually terminating
26    Plaintiff's employment after Plaintiff informed Defendants that he would need to be
27    placed on permanent light duty, per his doctor's orders, due to his disability.

28    49.    Plaintiff was damaged as set forth above.

---
**COMPLAINT OF ISMAEL ROMO JR.**

## X.    SIXTH CAUSE OF ACTION – FAILURE TO ENGAGE IN INTERACTIVE PROCESS [CAL. GOV. CODE § 12940 ET SEQ.] (By Plaintiff against all Defendants)

50.    Plaintiff re-alleges and incorporates by reference the allegations in Paragraphs 1 through 49 as set forth above.

51.    Plaintiff is informed and believes and thereon alleges that Defendants, per FEHA, are required to engage in the interactive process with an employee with a known disability to formulate a reasonable accommodation of the employee's disability, pursuant to Government Code § 12940(n).

52.    Plaintiff is informed and believes and thereon alleges that Defendants failed to engage in an interactive process with Plaintiff as required by FEHA by, after being notified of Plaintiff's disability, refusing to comply with Plaintiff's doctors orders, forcing Plaintiff to incur unexcused absences from work, and eventually terminating Plaintiff's employment after Plaintiff informed Defendants that he would need to be placed on permanent light duty, per his doctor's orders, due to his disability.

53.    Plaintiff was damaged as set forth above.

## XI.    SEVENTH CAUSE OF ACTION – FAILURE TO PRODUCE COMPLETE EMPLOYMENT FILE [CAL. LAB. CODE §§ 1198.5(l), (k)] (By Plaintiff against all Defendants)

54.    Plaintiff re-alleges and incorporates by reference the allegations in Paragraphs 1 through 53 as set forth above.

55.    In or about January 2018, Plaintiff submitted a written request for a copy of his personnel records from Defendants pursuant to California Labor Code section 1198.5.

56.    Plaintiff is informed and believes and thereon alleges that Defendants failed to comply with Plaintiff's request by producing an incomplete copy of Plaintiff's personnel records.

57.    As a direct and proximate cause of Defendants' unlawful actions, Plaintiff

has suffered damages in an amount to be determined at trial and, unless injunctive relief is granted in order to compel Defendant's compliance, Plaintiff will continue to suffer irreparable damage.

## XII. EIGHTH CAUSE OF ACTION - DISABILITY DISCRIMINATION IN VIOLATION OF PUBLIC POLICY (By Plaintiff against all Defendants)

58.    Plaintiff re-alleges and incorporates by reference the allegations in Paragraphs 1 through 57 as set forth above.

59.    A fundamental and substantial public policy of the State of California, as codified, expressed, and mandated by FEHA, Cal. Gov. Code § 12940, et seq., is that it is unlawful for an employer to fail to engage in a timely, good-faith interactive process to identify reasonable accommodations for an employee's known disability.

60.    A fundamental and substantial public policy of the State of California, as codified, expressed, and mandated by FEHA, Cal. Gov. Code § 12940, et seq., is that it is unlawful for an employer to fail to make reasonable accommodations for an employee's known disability.

61.    Plaintiff is informed and believes and thereon alleges that Defendants failed to engage in an interactive process with Plaintiff as required by FEHA by, after being notified of Plaintiff's disability, refusing to comply with Plaintiff's doctors orders, forcing Plaintiff to incur unexcused absences from work, and eventually terminating Plaintiff's employment after Plaintiff informed Defendants that he would need to be placed on permanent light duty, per his doctor's orders, due to his disability.

62.    Plaintiff is informed and believes and thereon alleges that Defendants failed to provide reasonable accommodation as required by FEHA by, after being notified of Plaintiff's disability, refusing to comply with Plaintiff's doctors orders, forcing Plaintiff to incur unexcused absences from work, and eventually terminating Plaintiff's employment after Plaintiff informed Defendants that he would need to be placed on permanent light duty, per his doctor's orders, due to his disability.

63.    Plaintiff is informed and believes and thereon alleges that Defendants'

failure to engage in an interactive process and make reasonable accommodations for his disabilities at set forth above was wrongful and in violation of public policy.

64.    Plaintiff was damaged as set forth above.

## XIII. NINTH CAUSE OF ACTION - WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY (By Plaintiff against all Defendants)

65.    Plaintiff re-alleges and incorporates by reference the allegations in Paragraphs 1 through 64 as set forth above.

66.    A fundamental and substantial public policy of the State of California, as codified, expressed, and mandated by FEHA, Cal. Gov. Code § 12940, et seq., is that it is unlawful for an employer to discharge an employee from employment based on the employee's disability.

67.    Plaintiff is informed and believes and thereon alleges that Defendants discriminated against Plaintiff by, after being notified of Plaintiff's disability, refusing to comply with Plaintiff's doctors' orders, forcing Plaintiff to incur unexcused absences from work, and eventually terminating Plaintiff's employment after Plaintiff informed Defendants that he would need to be placed on permanent light duty, per his doctor's orders, due to his medical condition. Plaintiff is informed and believes and thereon alleges that that Defendants knew of Plaintiff's disability and it was a substantial motivating reason for Defendants termination of his employment.

68.    Plaintiff was damaged as set forth above.

## XIV. TENTH CAUSE OF ACTION – RETALIATION IN VIOLATION OF FEHA [CAL. GOV. CODE § 12940 ET SEQ.] (By Plaintiff against all Defendants)

69.    Plaintiff re-alleges and incorporates by reference the allegations in Paragraphs 1 through 68 as set forth above.

70.    Plaintiff is informed and believes and thereon alleges that FEHA prohibits employers from retaliating against an employee for engaging in protected activity, including requesting a reasonable accommodation for their disability, per Government

Code § 12940 et seq.

71.    Plaintiff is informed and believes and thereon alleges that Defendants retaliated against Plaintiff's request for reasonable accommodations of his known disability by, after being notified of Plaintiff's disability, refusing to comply with Plaintiff's doctors orders, forcing Plaintiff to incur unexcused absences from work, and eventually terminating Plaintiff's employment after Plaintiff informed Defendants that he would need to be placed on permanent light duty, per his doctor's orders, due to his disability.

72.    Plaintiff was damaged as set forth above.

## XV. ELEVENTH CAUSE OF ACTION – RETALIATION IN VIOLATION OF THE ADA [42 U.S.C. § 12111 ET SEQ.]
### (By Plaintiff against all Defendants)

73.    Plaintiff re-alleges and incorporates by reference the allegations in Paragraphs 1 through 72 as set forth above.

74.    Plaintiff is informed and believes and thereon alleges that the ADA prohibits employers from retaliating against an employee for exercising any right granted or protected thereunder, including requesting a reasonable accommodation for their disability, per 42 U.S. C. § 12203.

75.    Plaintiff is informed and believes and thereon alleges that Defendants retaliated against Plaintiff's request for reasonable accommodations of his known disability by, after being notified of Plaintiff's disability, refusing to comply with Plaintiff's doctors orders, forcing Plaintiff to incur unexcused absences from work, and eventually terminating Plaintiff's employment after Plaintiff informed Defendants that he would need to be placed on permanent light duty, per his doctor's orders, due to his disability.

76.    Plaintiff was damaged as set forth above.

/ / /

/ / /

## XVI. TWELFTH CAUSE OF ACTION – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (By Plaintiff against all Defendants)

77.    Plaintiff re-alleges and incorporates by reference the allegations in Paragraphs 1 through 76 as set forth above.

78.    Plaintiff is informed and believes and thereon alleges that Defendants subjected Plaintiff to conduct, as set forth above, that is extreme and outrageous and intolerable in civilized society.

79.    Plaintiff is informed and believes and thereon alleges that Defendants' conduct was intentional and malicious and done for the purpose of causing Plaintiff to suffer humiliation, mental anguish, and emotional and physical distress.

80.    As a direct and proximate result of this intentional and outrageous conduct by Defendants, Plaintiff suffered and continues to suffer injury as alleged herein, including severe emotional distress. Defendants' intentional and outrageous conduct was a substantial factor in causing Plaintiff's damages as alleged herein.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1.    For general damages in an amount in excess of $75,000;

2.    For other compensatory damages;

3.    For reasonable attorneys' fees;

4.    For costs of suit incurred;

5.    For statutory fines, injunctive relief, and attorney's fees pursuant to Cal. Lab. Code §§ 1198.5(l), (k); and

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**COMPLAINT OF ISMAEL ROMO JR.**

6.    For such other relief as the Court may deem proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

DATED this 14th day of June, 2019.

LINCOLN GUSTAFSON & CERCOS

/s/ *Jill S. Chilcoat*

THOMAS J. LINCOLN, ESQ.
JILL S. CHILCOAT, ESQ.
DANICA J. BRUSTKERN, ESQ.
Attorneys for Plaintiff, ISMAEL ROMO, JR.

**COMPLAINT OF ISMAEL ROMO JR.**

# EXHIBIT "A"

## Broadcast Report

| | | | | |
|---|---|---|---|---|
| Date/Time | 07-31-2018 | 04:36:43 p.m. | Transmit Header Text | |
| Local ID 1 | 619-233-6949 | | Local Name 1 | Lincoln, Gustafson & Cercos |

### This document : Confirmed
### (reduced sample and details below)
### Document size : 8.5"x11"

<u>NOTICE OF CHARGE OF EMPLOYMENT DISCRIMINATION</u>

July 27, 2018

Mr. Christopher Green
Ms. Anna Y. Park
U.S. Equal Employment Opportunity Commission – San Diego Office
555 West Beech Street, Suite 504
San Diego, CA 92101

Dear Mr. Green and Ms. Park,

    Please find below my charge of employment discrimination against my former employer, Costco Wholesale Corporation ("Costco").

- **Name:** Ismael Romo Jr.
- **Address:** 999 E. Division St., Space C5, National City, CA 91950
  - **Attorneys' Address:** Ms. Jill S. Chilcoat, Esq. and Ms. Danica J. Brustkern, Esq., 550 West C St., Ste. 1400, San Diego, CA 92101
- **E-Mail Address:** ismaelromo58@gmail.com
  - **Attorneys' E-Mail Address:** jchilcoat@lgclawoffice.com, dbrustkern@lgclawoffice.com
- **Phone Number:** (619) 623-7943
  - **Attorneys' Phone Number:** (619) 233-1150
- **Employer's Name:** Costco Wholesale Corporation
- **Employer's Address:** Costco Optical Lab #908, 1001 W. 19ᵗʰ St., Ste. A, National City, CA 91950
- **Employer's E-Mail Address:** Unknown
- **Employer's Phone Number:** (619) 477-0125
- **Number of Employees Employed by Employer:** Unknown
- **Description of Discriminatory Actions:** Costco subjected me to discrimination due to my medical condition/physical disability, which is prohibited by the Americans with Disabilities Act and the California Fair Employment and Housing Act, among other statutes, potentially including, but not limited to, the Family and Medical Leave Act. I was denied, among other things, a work environment free of discrimination, reasonable accommodation(s), and employment. The most recent harm occurred on or around October 4, 2017. My belief is based on the following series of events:

        Costco engaged in discrimination against me for over a year due to my medical condition/physical disability. I suffer from diabetes. Due to my diabetes, I have diabetic neuropathy, which is an extremely painful nerve condition affecting my arms and legs. Costco's employees, including management and human resources, were aware of my medical condition/physical disability and its impact on my ability to engage in major life activities.

        During my employment with Costco, my medical condition/physical disability occasionally made it so painful to walk, get out of bed, or complete my work shift that I

1

Total Pages Scanned : 2          Total Pages Confirmed : 4

| No. | Job | Remote Station | Start Time | Duration | Pages | Line | Mode | Job Type | Results |
|---|---|---|---|---|---|---|---|---|---|
| 001 | 973 | 8666330228 | 04:33:43 p.m. 07-31-2018 | 00:01:01 | 2/2 | 1 | EC | HS | CP14400 |
| 002 | 973 | 619 557 7274 | 04:33:43 p.m. 07-31-2018 | 00:00:50 | 2/2 | 1 | EC | HS | CP26400 |

Abbreviations:

| | | | | |
|---|---|---|---|---|
| HS: Host send | PL: Polled local | MP: Mailbox print | CP: Completed | TS: Terminated by system |
| HR: Host receive | PR: Polled remote | RP: Report | FA: Fail | G3: Group 3 |
| WS: Waiting send | MS: Mailbox save | FF: Fax Forward | TU: Terminated by user | EC: Error Correct |

<u>**NOTICE OF CHARGE OF EMPLOYMENT DISCRIMINATION**</u>

July 27, 2018

Mr. Christopher Green
Ms. Anna Y. Park
U.S. Equal Employment Opportunity Commission – San Diego Office
555 West Beech Street, Suite 504
San Diego, CA 92101


Dear Mr. Green and Ms. Park,

   Please find below my charge of employment discrimination against my former employer, Costco Wholesale Corporation ("Costco").

- **Name:** Ismael Romo Jr.
- **Address:** 999 E. Division St., Space C5, National City, CA 91950
    - o  **Attorneys' Address:** Ms. Jill S. Chilcoat, Esq. and Ms. Danica J. Brustkern, Esq., 550 West C St., Ste. 1400, San Diego, CA 92101
- **E-Mail Address:** Ismaelromo58@gmail.com
    - o  **Attorneys' E-Mail Address:** jchilcoat@lgclawoffice.com, dbrustkern@lgclawoffice.com
- **Phone Number:** (619) 623-7943
    - o  **Attorneys' Phone Number:** (619) 233-1150
- **Employer's Name:** Costco Wholesale Corporation
- **Employer's Address:** Costco Optical Lab #908, 1001 W. 19th St., Ste. A, National City, CA 91950
- **Employer's E-Mail Address:** Unknown
- **Employer's Phone Number:** (619) 477-0125
- **Number of Employees Employed by Employer:** Unknown
- **Description of Discriminatory Actions:** Costco subjected me to discrimination due to my medical condition/physical disability, which is prohibited by the Americans with Disabilities Act and the California Fair Employment and Housing Act, among other statutes, potentially including, but not limited to, the Family and Medical Leave Act. I was denied, among other things, a work environment free of discrimination, reasonable accommodation(s), and employment. The most recent harm occurred on or around October 4, 2017. My belief is based on the following series of events:

   Costco engaged in discrimination against me for over a year due to my medical condition/physical disability. I suffer from diabetes. Due to my diabetes, I have diabetic neuropathy, which is an extremely painful nerve condition affecting my arms and legs. Costco's employees, including management and human resources, were aware of my medical condition/physical disability and its impact on my ability to engage in major life activities.

   During my employment with Costco, my medical condition/physical disability occasionally made it so painful to walk, get out of bed, or complete my work shift that I

1

missed work. On two occasions in 2017, my doctor placed me on temporary light duty at work. On September 20, 2017 I submitted a doctor's note to Costco to inform them that I would need to be placed on permanent light duty at work due to my medical condition/physical disability.

Despite knowing of my medical condition/physical disability, Costco issued disciplinary notices, called Employee Counseling Notices ("Notices"), to me on various dates leading up to my termination on October 4, 2017 and suspended me from work without pay for a total of 8 and ½ days because I missed work due to my severe neuropathy pain. These disciplinary actions were completely inconsistent with the policies and procedures reflected in Costco's Employee Agreement. The Employee Agreement states Notices may be issued when an employee has at least eight (8) absences in a 12-month period. An employee may be suspended from work without pay due to absences upon the tenth (10) absence in a 12-month period and terminated upon the eleventh (11) absence in a 12-month period. Costco terminated my employment due to "excessive absenteeism" on October 4, 2017, just two (2) weeks after receiving notice that I would need to be placed on permanent light duty. I was never absent enough in a 12-month period to warrant receiving any Notices, let alone unpaid suspensions or termination of employment. Costco never engaged in a meaningful interactive process to discuss or reasonably accommodate my medical condition/physical disability and work restrictions.

Pursuant to the foregoing facts, as well as additional facts not included in this Notice of Charge, I am entitled to back pay, front pay, and punitive damages for Costco's intentional and discriminatory conduct.

- **When the Discriminatory Actions Took Place:** From approximately May 2016 until October 4, 2017.
- **Why I Believe I was Discriminated Against:** Because of my medical condition/physical disability.

**Per your work sharing agreement with California's Department of Fair Employment and Housing (DFEH), please notify the DFEH of my claim as well.**

If you need any additional information, please contact my attorneys, Ms. Jill S. Chilcoat and Ms. Danica J. Brustkern, at the phone number and/or e-mail addresses noted above.

Sincerely,

Ismael Romo Jr.

# EXHIBIT "B"

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Ismael Romo, Jr.<br>999 E Division Street Space C5<br>National City, CA 91950 | From: | San Diego Local Office<br>555 W. Beech Street<br>Suite 504<br>San Diego, CA 92101 |
|---|---|---|---|

| ☐ | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| | Shawna L. Melva, | |
| 488-2018-00963 | Federal Investigator | (619) 557-7278 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

| [X] | More than 180 days have passed since the filing of this charge. |
|---|---|
| ☐ | Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge. |
| [X] | The EEOC is terminating its processing of this charge. |
| ☐ | The EEOC will continue to process this charge. |

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

| ☐ | The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost. |
|---|---|
| ☐ | The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time. |

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

_____
for  **Christopher S. Green,**
**Local Office Director**

3/18/19
*(Date Mailed)*

cc:
**Tara Wilcox**
**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
**12275 El Camino Real, Suite 200**
**San Diego, CA 92130-2006**

**Danica J. Brustkern, Esq.**
**LINCOLN GUSTAFSON & CERCOS LLP**
**550 W. C Street, Suite 1400**
**San Diego, CA 92101**

Enclosure with EEOC
Form 161-B (11/16)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS    --    **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
the Genetic Information Nondiscrimination Act (GINA), or the Age
Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within
90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-
day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to
consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell
him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely
manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as
indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate
State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide
after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short
statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of
your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the
charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include
any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters
alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in
some cases can be brought where relevant employment records are kept, where the employment would have
been, or where the respondent has its main office. If you have simple questions, you usually can get answers from
the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint
or make legal strategy decisions for you.

## PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back
pay due for violations that occurred **more than <u>2 years (3 years)</u> before you file suit** may not be collectible. For
example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit
<u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA
suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.
Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA
claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

## ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction
in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be
made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your
efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above,
because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

## ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any
questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to
inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide
your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files
are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge
file, **please make your review request <u>within 6 months</u> of this Notice**. (Before filing suit, any request should be
made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):**   The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability.  *However, these terms are redefined, and it is easier to be covered under the new law.*

**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

➢ **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.

➢ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system**.**

➢ **Only one** major life activity need be substantially limited.

➢ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

➢ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.

➢ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage:**

➢ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

➢ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

➢ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.

➢ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note:  Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment.  Beyond the initial pleading stage, some courts will require specific evidence to establish disability.*   For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

# EXHIBIT "C"



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GOVERNOR EDMUND G. BROWN JR.

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

DIRECTOR KEVIN KISH

Kyle Hofman
Personnel Manager
COSTCO WHOLESALE
999 Lake Drive
Issaquah, WA 98027

EEOC Number:   488-2018-00963C
Case Name:     Ismael Romo, Jr.   v.
               COSTCO
               WHOLESALE
Filing Date:   July 31, 2018

## NOTICE TO COMPLAINANT AND RESPONDENT

This is to advise you that the above-referenced complaint is being dual filed with the California Department of Fair Employment and Housing (DFEH) by the U.S. Equal Employment Opportunity Commission (EEOC).  The complaint will be filed in accordance with California Government Code section 12960.  This notice constitutes service pursuant to Government Code section 12962.

The EEOC is responsible for the processing of this complaint and the DFEH will not be conducting an investigation into this matter.  Please contact EEOC directly for any discussion of the complaint or the investigation.

## NOTICE TO COMPLAINANT OF RIGHT TO SUE

This letter is also your Right to Sue notice.  **This Right to Sue Notice allows you to file a private lawsuit in State court.**  According to Government Code section 12965, subdivision (b), you may bring a civil action under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint.  The lawsuit may be filed in a State of California Superior Court. Government Code section 12965, subdivision (b), provides that such a civil action must be brought within one year from the date of this notice.  Pursuant to Government Code section 12965, subdivision (d)(1), this one-year period will be tolled during the pendency of the EEOC's investigation of your complaint.  You should consult an attorney to determine with accuracy the date by which a civil action must be filed.  This right to file a civil action may be waived in the event a settlement agreement is signed.

Be advised, the DFEH does not retain case records beyond three years after a complaint is filed.