|   |   |
|---|---|
| 1 | LINCOLN, GUSTAFSON & CERCOS, LLP |
|   | THOMAS J. LINCOLN, Esq. SBN 095131 |
| 2 | tlincoln@Jgclawoffice.com · |
|   | JILL S. CHILCOAT, Esq. SBN 220070 |
| 3 | jchilcoat@lgclawoffice.com |
|   | DANICA J. BRUSTKERN, Esq. SBN 305100 |
| 4 | dbrustkem@lgclawoffice.com · |
|   | LISA XU, Esq. SBN 328700 |
| 5 | 550 West "C" Street, Suite 1400 |
|   | San Diego, California 92101 |
| 6 | (619) 233-1150/Fax: (619) 233-6949 · |

Attorneys for Plaintiff ISMAEL ROMO, JR.

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
MATTHEW S. MCCONNELL, Cal. Bar No. 209672
mmcconnell@sheppardmullin.com
TARA WILCOX, Cal. Bar No. 157015
twilcox@sheppardmullin.com
TRAVIS ANDERSON, Cal. Bar No. 265540
tanderson@sheppardmullin.com
12275 El Camino Real, Suite 200
San Diego, California  92130-2006
Telephone:   858-720-8900
Facsimile:    858-509-3691

Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ISMAEL ROMO, JR,<br><br>             Plaintiff,<br><br>       v.<br><br>COSTCO WHOLESALE CORPORATION, a Washington Corporation; and DOES 1 through 25, inclusive,<br><br>             Defendants. | Case No.  2019-CV-1120 JAH MSB<br><br>[Complaint Filed:  May 13, 2019]<br><br>**THIRD JOINT MOTION TO AMEND SCHEDULING ORDER**<br><br>Judge:   The Hon. John A. Houston<br>Dept:    Courtroom 13B, (13th Fl.)<br>             333 West Broadway<br>             San Diego, CA  92101 |
|---|---|

19CV1120-JAH-MSB

THIRD JOINT MOTION TO AMEND SCHEDULING ORDER

      Pursuant to Civil Local Rule 7.2, Plaintiff Ismael Romo, Jr. and Defendant Costco Wholesale Corporation ("Costco") (collectively, the "Parties") hereby jointly move this Court to amend the Scheduling Order Regulating Discovery and Other Pretrial Proceedings ("Scheduling Order") issued on August 14, 2019 (ECF No. 12) and amended on December 5, 2019 (ECF No. 18) and February 11, 2020 (ECF No. 29). In support of the motion, the Parties stipulate to the following facts:

      1.    On August 14, 2019, the Court issued the Scheduling Order requiring all interrogatories, requests for admission, and document production requests to be served by December 11, 2019, and all fact discovery to be completed by February 11, 2020. (ECF No. 12). The initial experts were to be designated by March 25, 2020, rebuttal experts to be designated by April 8, 2020, expert reports to be provided by May 8, 2020, supplemental expert reports to be provided by May 22, 2020, all expert discovery to be completed by June 22, 2020, and pretrial motions to be filed by July 8, 2020. (ECF No. 12).

      2.    On December 5, 2019, the Court granted the Parties' Joint Motion to Amend the Scheduling Order to require all interrogatories, request for admission, and document production requests to be served by February 11, 2020, and all fact discovery to be completed by April 13, 2020. (ECF 18.)

      3.    On January 7, 2020, Plaintiff propounded Interrogatories, Set One, Requests for Admissions, Set One, and Request for Production of Documents, Set Two, to Costco. On February 7, 2020, Defendant Costco served by mail and e-mail its written responses to Plaintiff's requests. The Parties subsequently met and conferred extensively regarding Costco's responses to Plaintiff's discovery, held two discovery conferences with Magistrate Berg, and ultimately agreed that Costco would provide further responses to numerous requests by April 17, 2020.

      4.    On January 27, 2020, Plaintiff sent the First Amended Notice of Fed. R. Civ. P. 30(b)(6) Deposition of Costco, set for February 11, 2020. The deposition was subsequently continued to March 6, 2020 and proceeded on that date, but was

not concluded. Plaintiff and Costco subsequently agreed to proceed with the second session of the deposition on March 18, 2020.

5. On February 10, 2020, Costco issued subpoenas for depositions of four of Plaintiff's treating physicians for March 11, 12, and 13, 2020. Two of the depositions were later rescheduled for March 24 and 25, 2020.

6. On February 11, 2020, the Court granted the Parties' Second Joint Motion to Amend the Scheduling Order to require all interrogatories, request for admission, and document production requests to be served by February 28, 2020, all fact discovery to be completed by April 27, 2020, initial expert designations to be served by April 24, 2020, and rebuttal expert designations to be served by May 8, 2020. (ECF 29.)

7. On March 24, 2020, Plaintiff supplemented his initial disclosures identifying additional documents and witnesses in support of Plaintiff's claims. Costco intends to subpoena the numerous additional witnesses identified in Plaintiff's supplemental disclosures.

8. On April 1, 2020, the Parties submitted a further request to extend the deadline for any joint motion for determination of discovery dispute concerning Plaintiff's discovery requests until April 24, 2020 in light of the agreement for Costco to provide further responses to Plaintiff's requests. (ECF 39.)

9. During the Parties' negotiations concerning these discovery issues and attempts to complete written discovery and depositions, on March 13, 2020, the President of the United States declared a national emergency due to the outbreak of the COVID-19 coronavirus. On March 19, 2020, California Governor Gavin Newsom issued a shelter in place order, in which California residents are ordered to stay in their homes except to go to an essential job or for other limited essential purposes.

10. As a result of the COVID-19 emergency and the California Governor's order, Costco has sought to reschedule the depositions of Plaintiff's treating

physicians. Moreover, the Parties also agreed to continue the deposition of Costco's Rule 30(b)(6) witness (which Plaintiff contends is very document-intensive and cannot efficiently be conducted by videoconference). Furthermore, due to Costco's need to respond to issues arising from the COVID-19 emergency, key Costco personnel whose input and/or participation is required in order to responding to Plaintiff's pending written discovery requests and deposition notices became unavailable.

11. With more than a month remaining of discovery, the Parties planned to serve further pleadings and deposition notices for depositions to take place before the discovery deadline, but refrained from doing so in light of the COVID-19 emergency and Governor's order. The Parties do not intend to waive any rights by postponing any discovery and/or action in the case based upon the development of the claims and defenses through discovery to date, but the Parties are concerned that the COVID-19 emergency and the Parties' resulting inability to complete discovery in accordance with the current case management dates may adversely affect their respective abilities to prepare the case for trial. The Parties, by this joint motion, therefore seek to preserve, and do not waive, the right to complete discovery, prepare their respective expert witnesses, file and/or oppose pre-trial motions (including, but not limited to discovery motions, motions for summary judgment and/or partial summary judgment, motions to amend their respective pleadings to conform to the evidence developed during discovery, and motions in limine), and/or to seek any other relief permitted by the Federal Rules of Civil Procedure, local rules, or other applicable law, notwithstanding any impact and/or delays caused by the COVID-19 emergency.

12. Based upon the foregoing, and in order to provide an initial measure of relief from any prejudice caused by the COVID-19 emergency, the Parties request a continuance of approximately sixty days of the Court's current discovery and case management deadlines.

13. Good cause exists to modify the Scheduling Order pursuant to Federal Rule of Civil Procedure 16(b)(4) because, despite the diligence of the Parties in litigating this case, the Scheduling Order cannot be reasonably met.

NOW, THEREFORE, the Parties stipulate to—and jointly request entry of—an order by this Court amending the Scheduling Order (ECF No. 12) as follows:

1. Extending the deadline to complete all fact discovery from April 27, 2020 to **June 26, 2020**.

2. Extending the deadline for initial expert designations from April 24, 2020 to **July 6, 2020.**

3. Extending the deadline for rebuttal expert designations from May 8, 2020 to **July 20, 2020.**

4. Extending the deadline for compliance with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure from April 24, 2020 to **July 6, 2020.**

5. Extending the deadline for each party to supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) from May 8 , 2020 to **July 20, 2020.**

7. Extending the deadline to complete all expert discovery from June 8, 2020 to **August 21, 2020.**

8. Extending the deadline to file all other pretrial motions from July 8, 2020 to **September 11, 2020.**

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

9. Should the Court determine that the remaining pre-trial events and deadlines (currently set for dates after the deadline to file pretrial motions) must also be continued as a result of the extensions requested herein, then the Parties request that the Court also continue those dates as permitted by the Court's calendar.

IT IS SO STIPULATED.

DATED: April 1, 2020

                        LINCOLN GUSTAFSON & CERCOS

                        By */s/ Jill S. Chilcoat*

                            JILL S. CHILCOAT
                            Attorneys for Plaintiff, ISMAEL ROMO, JR.

DATED: April 1, 2020

                        SHEPPARD MULLIN RICHTER & HAMPTON LLP

                        By */s/ Sieun J. Lee*

                            SIEUN J. LEE
                            Attorneys for Defendant
                            COSTCO WHOLESALE CORPORATION