UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISMAEL ROMO, JR.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COSTCO WHOLESALE CORPORATION, et al.,<br><br>　　　　　Defendants. | Case No. 19cv1120-JAH (MSB)<br><br>**ORDER GRANTING THIRD JOINT MOTION TO AMEND SCHEDULING ORDER**<br><br>[ECF NO. 40] |

　　　　The parties filed a "Third Joint Motion to Amend Scheduling Order" on April 1, 2020. (ECF No. 40.) Plaintiff's counsel explains in her declaration that, during the Parties' negotiations concerning pending discovery issues and attempts to complete written discovery and depositions, on March 13, 2020, the President of the United States declared a national emergency due to the outbreak of the COVID-19 coronavirus. On March 19, 2020, California Governor Gavin Newsom issued a shelter in place order, in which California residents are ordered to stay in their homes except to go to an essential job or for other limited essential purposes. (ECF No. 40-1 at 9.) Plaintiff's counsel further explains that, as a result of the COVID-19 emergency and the California Governor's order, Costco has sought to reschedule the depositions of Plaintiff's treating physicians. (Id. at 10.) Moreover, the Parties also agreed to continue the deposition of Costco's Rule 30(b)(6) witness

(which Plaintiff contends is very document-intensive and cannot efficiently be conducted by videoconference). (Id.) Furthermore, due to Costco's need to respond to issues arising from the COVID-19 emergency, key Costco personnel whose input and/or participation is required in order to responding to Plaintiff's pending written discovery requests and deposition notices became unavailable. (Id.)

With more than a month remaining of discovery, the Parties planned to serve further pleadings and deposition notices for depositions to take place before the discovery deadline but refrained from doing so considering the COVID-19 emergency and Governor's order. (Id. at 11.) The Parties are concerned that the COVID-19 emergency and the Parties' resulting inability to complete discovery in accordance with the current case management dates may adversely affect their respective abilities to prepare the case for trial. (Id.) Despite their diligence, and in light of the need for sufficient time to complete discovery, prepare their respective expert witnesses, file and/or oppose pre-trial motions (including, but not limited to discovery motions, motions for summary judgment and/or partial summary judgment, motions to amend their respective pleadings to conform to the evidence developed during discovery, and motions in limine), and/or to seek any other relief permitted by the Federal Rules of Civil Procedure, local rules, or other applicable law, notwithstanding any impact and/or delays caused by the COVID-19 emergency, the Parties jointly request to continue the upcoming Scheduling Order deadlines by approximately sixty days in order to provide an initial measure of relief from any prejudice caused by the COVID-19 emergency. (ECF No. 40 at 13-14.)

Based on the foregoing and after consulting with the chambers of the Honorable United States District Judge John A. Houston, the Court finds good cause and **GRANTS** the Joint Motion as follows:

    1.    The deadline to complete all fact discovery is **June 26, 2020**;

| | |
|---|---|
| 1 | 2. The deadline for initial expert designations is **July 6, 2020**; |
| 2 | 3. The deadline for rebuttal expert designations is **July 20, 2020**; |
| 3 | 4. The deadline for compliance with the disclosure provisions in Rule |
| 4 | 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure is **July 6, 2020**; |
| 5 | 5. The deadline for each party to supplement its disclosure regarding |
| 6 | contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) is **July 20, 2020**; |
| 7 | 6. The deadline to complete all expert discovery is **August 21, 2020**; |
| 8 | 7. The deadline to file all other pretrial motions is **September 11, 2020**; |
| 9 | 8. The Mandatory Settlement Conference remains as previously set on |
| 10 | **September 28, 2020**, at **9:30 a.m.**, with the Settlement Conference Statement due |
| 11 | on **September 21, 2020**; |
| 12 | 9. Counsel shall comply with the pre-trial disclosure requirements of Fed. |
| 13 | R. Civ. P. 26(a)(3) by **December 14, 2020**. |
| 14 | 10. Counsel shall meet and take the action required by Local Rule |
| 15 | 16.1(f)(4) by **December 21, 2020**. |
| 16 | 14. By **December 28, 2020**, plaintiff's counsel must provide opposing |
| 17 | counsel with the proposed pretrial order for review and approval. |
| 18 | 15. The Proposed Final Pretrial Conference Order, including objections to |
| 19 | any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, |
| 20 | served and lodged with the assigned district judge by **January 4, 2021**, and shall be |
| 21 | in the form prescribed in and comply with Local Rule 16.1(f)(6). |
| 22 | 16. The final Pretrial Conference is scheduled on the calendar of **the** |
| 23 | **Honorable John A. Houston** on **January 11, 2021** at **2:30 p.m.** |
| 24 | **IT IS SO ORDERED.** |
| 25 | Dated: April 1, 2020 |

_Honorable Michael S. Berg_
United States Magistrate Judge