1

2

3

4

5

6

7

8               UNITED STATES DISTRICT COURT

9             SOUTHERN DISTRICT OF CALIFORNIA

10

11   ISMAEL ROMO, JR.,                        Case No.:  19cv01120 JAH-MSB

12                              Plaintiff,
                                              **ORDER DENYING PLAINTIFF'S**
13   v.                                       **MOTION FOR**
                                              **RECONSIDERATION [Doc. No. 69]**
14   COSTCO WHOLESALE
     CORPORATION,
15
                             Defendant.
16

17

18                            **INTRODUCTION**

19        Pending before the Court is Plaintiff's motion to reconsider the Court's order

20   denying Plaintiff's motion for leave to amend.  Defendant filed an opposition to the motion

21   and Plaintiff filed a reply.  Deeming the motion suitable for determination without oral

22   argument, the Court took the matter under submission and vacated the hearing date.  After

23   a thorough review of the parties' submissions and for the reasons discuss below, the Court

24   DENIES Plaintiff's motion.

25                           **LEGAL STANDARD**

26        Under Federal Rule of Civil Procedure 54(b), district courts have the inherent

27   authority to reconsider interlocutory rulings at their discretion until a final judgment is

28   entered.  A number of judicial doctrines have evolved to guide courts when reviewing

                                        1

1  issued interlocutory orders.  The "law of the case" doctrine, as well as public policy,

2  dictates that the efficient operation of the judicial system requires the avoidance of re-

3  arguing questions that have already been decided.  *See Pyramid Lake Paiute Tribe of*

4  *Indians v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989).  Most courts, thus, adhere to a

5  fairly narrow standard by which to reconsider their interlocutory opinions and orders.  This

6  standard requires that the party show: (1) an intervening change in the law; (2) additional

7  evidence that was not previously available; or (3) that the prior decision was based on clear

8  error or would work manifest injustice.  *Pauite Tribe*, 882 F.2d at 369 n.5.  Under Rule 60

9  of the Federal Rules of Civil Procedure, a court may, upon motion, relieve a party from

10  final judgment or order for: "(1) mistake, inadvertence, surprise or excusable neglect; (2)

11  newly discovered evidence. . .; (3) fraud. . ., misrepresentation, or other misconduct of an

12  adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or

13  discharged…; or (6) any other reason the justifies relief."  FED. R. CIV. P. 60(b).  A motion

14  for reconsideration "should not be granted, absent highly unusual circumstances, unless the

15  district court is presented with newly discovered evidence, committed clear error, or if

16  there is an intervening change in the controlling law."  *Kona Enters.  v. Estate of Bishop*,

17  229 F.3d 877, 890 (9th Cir. 2000) (citations omitted).

## DISCUSSION

19  Plaintiff argues the Court committed clear error in denying his motion for leave to

20  amend his complaint.  In the order denying Plaintiff's motion for leave to amend, the Court

21  found the motion untimely because it was filed beyond the deadline in the scheduling order.

22  Despite the untimeliness of the motion, the Court construed the motion as one seeking to

23  modify the scheduling order to permit leave to amend which required Plaintiff demonstrate

24  "good cause" under Rule 16 of the Federal Rules of Civil Procedure.  Finding Plaintiff

25  failed to demonstrate diligence as required by the "good cause" standard, the Court denied

26  the motion.

27  Plaintiff argues the Court erred by failing to determine whether he could meet the

28  scheduling order deadline despite his diligence.  Plaintiff further argues the Court erred in

1   not considering material facts supporting his motion and erroneously assumed early

2   depositions gave knowledge of the claim for punitive damages.  He also argues the Court's

3   application of the "good cause" standard was too stringent and thwarted Rule 15's mandate

4   to freely permit amendment to allow the opportunity to have claims heard on the merits.

5   **I.  Diligence to Meet Scheduling Order Deadline**

6          Plaintiff maintains, the "good cause" standard of Rule 16 requires the Court to

7   examine whether he could meet the scheduling order deadline despite acting with diligence.

8   He argues the Court erred by focusing on when he sought to amend his complaint rather

9   than the deadline in the scheduling order.

10          Defendant argues the Court correctly applied the "good cause" standard and found

11   Plaintiff unduly delayed in seeking amendment.   Defendant contends Plaintiff

12   misinterprets the relevant period for the diligence analysis which required Plaintiff to

13   promptly move to amend the scheduling order once he obtained new information.

14          In reply, Plaintiff argues Defendant refuses to recognize the applicable diligence test

15   under Rule 16.

16          When, as here, a party seeks leave to amend after a scheduling order is issued, the

17   court must evaluate the motion under the "good cause" standard of Rule 16(b), which looks

18   to the party's diligence in seeking to amend.  *See United States v. Dang*, 488 F.3d 1135,

19   1142 (9th Cir. 2007).  Plaintiff contends this Court must focus solely on whether he was

20   able to meet the deadline of the scheduling order when determining whether Plaintiff was

21   diligent in seeking amendment and erred when it evaluated his conduct after the deadline

22   had passed.[1]   However, the diligence inquiry generally focuses on the length of time

23   between the ground supporting amendment and the movant's request to amend.  *See San*

24   *Diego Ass'n of Realtors, Inc. v. Sandicor, Inc.*, 2017 WL 6344816, at *5 (S.D. Cal. 2017);

25

26   _____

27   [1] According to the scheduling order issued in this matter, the deadline for moving to amend any
     pleadings was September 12, 2019.  *See* Doc. No 12.  Plaintiff sought leave to amend on July 17, 2020.
28   *See* Doc. No. 54.

1  *see also Cervantes v. Zimmerman*, 2019 WL 3413508, *5 (S.D.Cal. 2019) ("Even when

2  the ground for the proposed amendment rests on information learned after the deadline, the

3  diligence inquiry asks whether the plaintiff has sought to interpose its proposed amendment

4  within a reasonably prompt time after learning of the basis for amendment."). A court's

5  diligence inquiry may properly consider the movant's diligence before the amendment

6  deadline and after the deadline including the time between the discovery of new

7  information and the motion to amend. *See Aldan v. World Corp.*, 267 F.R.D. 346, 357

8  (D.N. Mar. I. 2010). As such, the Court's consideration of Plaintiff's diligence between

9  the time he discovered the information supporting amendment and the filing of his motion

10  to amend was not error.

11  **II.  Consideration of Material Facts Supporting Amendment**

12        Plaintiff argues the Court erred when it failed to consider material facts that

13  supported his motion for leave to amend to add a prayer for punitive damages and a claim

14  for failure to investigate and prevent harassment and discrimination.[2]

15        Plaintiff contends the Court's finding that he was aware punitive damages were

16  possible prior to filing his complaint and that he should have been aware discovery could

17  bring to light facts that support a demand was error because mere awareness of the

18  possibility that discovery may reveal facts is not sufficient grounds for seeking amendment.

19  Plaintiff also disagrees with the Court's finding that he was aware of facts supporting a

20  demand for punitive damages, at the latest, March 2020. He maintains he sought to

21  complete witness depositions that impacted the punitive damages claim and sought an

22  extension of the scheduling order to give sufficient time to complete depositions and file

23  motions which was granted by the Honorable Michael S. Berg, United States Magistrate

24  Judge.

25

26

27

28  [2] Plaintiff's motion does not challenge the portion of the Court's order denying his request to add allegations of new medical conditions.

1    In opposition, Defendant contends Plaintiff fails to identify any error in the Court's

2 analysis of the request to add a demand for punitive damages.  Defendant maintains the

3 diligence inquiry turns on when Plaintiff knew or should have known facts underlying the

4 potential claim and, therefore, Plaintiff's contention that mere awareness is not sufficient

5 grounds to seek amendment is incorrect.  Additionally, Defendant maintains Plaintiff knew

6 about facts supporting punitive damages at the deposition held on March 6, 2020 which

7 triggered his obligation to seek leave to amend.  Defendant also contends Plaintiff's motion

8 for leave to amend did not mention his request for an extension of deadlines and, as a result,

9 Plaintiff waived the argument.  Further, Defendant argues Plaintiff misrepresents Judge

10 Berg's order granting the request to extend deadlines which did not extend already expired

11 deadlines including the deadline to amend the pleadings.  Defendant maintains the parties

12 sought to continue the upcoming deadlines by approximately sixty days in order to provide

13 a measure of relief from any prejudice caused by the COVID-19 emergency.

14    In reply, Plaintiff argues he reasonably relied on Judge Berg's April 1. 2020 order

15 granting the parties' joint request to extend deadlines which acknowledged he was in the

16 midst of depositions and discovery that were halted by the COVID-19 emergency and the

17 parties agreed to and requested a sixty-day continuance of the discovery deadlines to

18 protect against prejudice caused by the COVID-19 emergency.  He contends he reasonably

19 relied on the order that specifically recognized the need for additional time to complete the

20 discovery and depositions before filing various pre-trial motions.  While Plaintiff admits

21 he did not raise the argument in his motion to amend, he argues he could not have predicted

22 that this Court would fault him for not seeking leave to amend during the period in which

23 Judge Berg's order expressly provides additional time needed to complete pending

24 depositions.

25    As an initial matter, the Court finds Plaintiff waived his argument that he reasonably

26 relied on the order extending deadlines by failing to raise it in his motion to amend. *See*

27 *Johnson v. CFS II, Inc.*, 628 Fed.Appx. 505 (9th Cir. 2016).  Even if the argument was not

28 waived, it fails to support reconsideration.  While the order extending deadlines discussed

the parties' "need for sufficient time to complete discovery, prepare their respective expert witnesses, file and/or oppose pre-trial motions (including, but not limited to discovery motions, motions for summary judgment and/or partial summary judgment, motions to amend their respective pleadings to conform to the evidence developed during discovery, and motions in limine)" it did not grant, and the parties did not seek to, extend the already expired deadline for seeking leave to amend.  Order Granting Third Joint Motion to Amend Scheduling Order at 2 (Doc. No. 42).  Furthermore, it did not exempt any party from demonstrating diligence in seeking to amend as required by Rule 16.[3]

Plaintiff disagrees with the Court's evaluation of certain facts when determining when he was aware of information that supported a prayer for punitive damages.  Similarly, he disagrees with the Court's determination that he was aware of the facts supporting a claim for failure to investigate and prevent harassment and discrimination which he maintained, in his motion for leave to amend, came from his own deposition.  Plaintiff also disagrees with the Court's dismissal of his contention he needed to obtain additional information through discovery and again attempts to point to facts he learned later that he believes bolster his claims.  When assessing diligence, a court must determine "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (internal quotations omitted).  In finding Plaintiff failed to demonstrate good cause, the Court correctly applied this standard.  Plaintiff's disagreement with the Court's determination is not a basis for reconsideration. *See Hawaii Stevedores, Inc. v. HT&T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005).

//

//

---

[3] The Court also finds Plaintiff's failure to assist Judge Berg in preparing a workable scheduling order by failing to request a deadline to amend after having the opportunity to conduct discovery which may provide him information to support amendment further demonstrates Plaintiff's lack of diligence. *See Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D.Cal. 1999).

1   **III.  Strict Application of Rule 16 "Good Cause" Standard**

2        Relying on the Supreme Court's discussion relating to Rule 15 in *Foman v. Davis*,

3   371 U.S. 178, 182, (1962), Plaintiff argues the Court's exclusive focus on Rule 16 was

4   error.  Plaintiff contends the Court should have applied Rule 15 to his motion for leave to

5   amend.   He further argues the Court's application of the "good cause" standard of Rule 16

6   was too stringent.   He suggests the Court should consider additional factors including

7   prejudice, bad faith and futility.

8        Defendant contends Plaintiff misapprehends the interplay between Rules 15 and 16

9   and incorrectly asserts that Rule 16 must yield to the Rule 15 policy mandating that leave

10  be freely given.   Defendant maintains Plaintiff's motion necessitated a change to the

11  scheduling order which requires a showing of good cause and argues the Court correctly

12  applied the Rule 16 "good cause" standard.

13       Contrary to Plaintiff's assertion *Foman* does not require the Court evaluate his

14  motion under Rule 15.  *Foman* discusses the standard of Rule 15 but contains no discussion

15  of the interplay between Rule 15 and Rule 16.  In fact, there is no discussion of Rule 16.

16  Plaintiff was required to satisfy the good cause standard of Rule 16 because his motion for

17  leave to amend required modification of the scheduling order.  *See Dang*, 488 F.3d at 1142.

18  A party seeking leave to amend after the deadline in the scheduling order has passed cannot

19  "appeal to the liberal amendment procedures afforded by Rule 15; [the] tardy motion

20  [must] satisfy the more stringent 'good cause' showing required under Rule 16."

21  *AmerisourceBergen Corp.*, 465 F.3d at 952.  As such, the Court's application of Rule 16

22  to Plaintiff's motion was not error.  Additionally, the Court was not required to consider

23  any additional factors in assessing Plaintiff's motion.  *See Coleman v. Quaker Oats Co.*,

24  232 F.3d 1271, 1295 (9th Cir.2000) (explaining that prejudice to the non-movant,

25  "although not required under Rule 16(b), supplies an additional reason for denying the

26  motion").

27       Plaintiff fails to demonstrate the Court committed clear error warranting the

28  extraordinary remedy of reconsideration.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONCLUSION AND ORDER**

Based on the foregoing, IT IS HEREBY ORDERED Plaintiff's motion for reconsideration is DENIED.

DATED:    November 24, 2020

_____
JOHN A. HOUSTON
United States District Judge

8

19cv01120 JAH-MSB